**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Vito Antonio Laera, <br><br>   Plaintiff <br><br> v. <br><br> Cai Jun Fang, <br><br>   Defendant | Case No.: 2:14-cv-667-JAD-NJK <br><br> **Order Denying Without Prejudice Plaintiff's Motion for Entry of Default Judgment [Doc. 9]** |

   This breach-of-contract action stems from *pro se* plaintiff Vito Antonio Laera's allegedly longstanding business relationship with Cai Jun Fang, who performed services for Laera in China. Laera sued Fang on May 1, 2014, and properly served a summons on Fang on that date. Docs. 1, 2, 4. Fang failed to plead or otherwise respond within the time period specified in the Federal Rules of Civil Procedure, and on May 28, 2014, Laera moved for, and received, a clerk's entry of default. Docs. 7, 8. Laera then filed a motion for default judgment, which "relies upon the record in this case," as well as an affidavit Laera executed and attached to the motion. Doc. 9. Laera's one-page affidavit reiterates the date the complaint was filed and the summons delivered, the date Fang's answer was due, that no answer was received, and the date the clerk granted Laera entry of default against Fang. Doc. 9 at 2. Laera also states that his claim against Fang is for $2,434,400. *Id.*

   Federal Rule of Civil Procedure 55 provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. After clerk's entry of default, the movant must request a default judgment from the court under Rule 55(b)(2).[1] A district court has discretion to enter a judgment by default, which typically turns on the consideration of seven factors: (1) potential prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the

---

[1] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada v. Tumbleweed Development, Inc.*, 2013 WL 143378, at *2 (D. Nev. Jan. 11, 2013) (citing *Eitel*).

complaint; (4) the amount of money at stake in the action; (5) the potential disputes as to material facts; (6) whether the default was due to excusable neglect; and (7) the strong federal policy favoring adjudications on the merits.[2]

Laera's motion does not specifically consider any of the *Eitel* factors, except for the amount of money at stake. Laera is permitted to re-file his motion with a detailed and properly supported discussion of why his claims for relief satisfy the factors laid out by *Eitel* and its progeny.[3] Laera is cautioned that vague statements regarding "the record" will likely be found insufficient, as the Court is not obligated to rummage through the record to make his "best case" for him.[4]

## Conclusion

IT IS HEREBY ORDERED that Laera's Motion for Entry of Default Judgment **[Doc. 9] is DENIED WITHOUT PREJUDICE.**

DATED: August 13, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[2] *See Eitel*, 782 F.2d at 1471-72.

[3] *See, e.g.*, *Rimlinger v. Shenyang 245 Factory*, 2014 WL 2527147 (D. Nev. June 4, 2014); *Neumont University, LLC v. Little Bizzy, LLC*, 2014 WL 2112938 (D. Nev. May 20, 2014); *U.S. S.E.C. v. Brandonisio*, 2013 WL 5371626 (D. Nev. Sept. 24, 2013); *Trustees of Teamsters Local 631 Sec. Fund for Southern Nevada v. Knox Installation-Dismantling and Services, Inc.*, 2013 WL 4857897 (D. Nev. Sept. 9, 2013).

[4] For example, after filing his motion for default judgment Laera filed a pair of documents entitled "order to show cause" why the relief he sought should not be granted. Docs. 11, 14. Magistrate Judge Koppe construed these documents as motions for leave to file amended complaints, and denied both without prejudice. Docs. 12, 15. The Court will not consider these documents in connection with Laera's motion for default judgment.