**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VITO ANTONIO LAERA,           ) | Case No. 2:14-cv-00667-JAD-NJK |
| Plaintiff(s),        ) | |
| vs.                      ) | ORDER |
| CAI JUN FANG,          ) | (Docket No. 22) |
| Defendant(s).        ) | |

Pending before the Court is Plaintiff's motion to seal. Docket No. 22. For the reasons stated below, the motion is hereby **DENIED** without prejudice.

## I.  PROCEDURES FOR FILING UNDER SEAL

Attorneys and parties proceeding *pro se* must file documents under seal using the Court's electronic filing procedures. *See* Local Rule 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.* In short, a sealing request is properly made by the filing of the following: (1) a motion to seal filed on the public docket; (2) the subject documents filed under seal for the Court's review; and (3) a publicly filed version of the documents in redacted form, if possible.

## II.    STANDARDS

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).[2]

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

A party's burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons *supported by specific factual findings*." *Id.* at 1178 (emphasis added). The Ninth Circuit has

---

[1] Motions for default judgment are considered dispositive motions. *See Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 2013 WL 550563, *1 (N.D. Cal. Feb. 12, 2013); *see also Avnet, Inc. v. Avana Techs. Inc.*, 2014 WL 4181831, *1 (D. Nev. Aug. 20, 2014).

[2] To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137.

1   expressly rejected efforts to seal documents under the "compelling reasons" standard where the movant

2   makes "conclusory statements about the contents of the documents–that they are confidential and that,

3   in general," their disclosure would be harmful to the movant.  *Kamakana*, 447 F.3d at 1182; *see also*

4   *Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013)

5   (finding insufficient general assertions regarding confidential nature of documents).  Such "conclusory

6   offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to

7   the documents." *Kamakana*, 447 F.3d at 1182.  In allowing the sealing of a document, the Court must

8   base its decision on a compelling reason and must "articulate the basis for its ruling, without relying on

9   hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d

10  1430, 1434 (9th Cir. 1995)).

11  **III.    ANALYSIS**

12          The pending motion to seal is procedurally and substantively defective.  First, Plaintiff has not

13  complied with the procedures outlined in Local Rule 10-5.  The sealing request consists in its entirety

14  of a motion to seal, but the subject documents were not filed under seal for the Court's review nor were

15  redacted versions of the documents filed on the public docket.

16          Second, the motion to seal contains only conclusory assertions that the documents that will be

17  filed are confidential in nature and that their public release would be competitively harmful.  *See* Docket

18  No. 22 at 2.  Such bald statements do not satisfy the compelling reasons standard.  *See, e.g.*, *Kamakana*,

19  447 F.3d at 1182.  Moreover, because the subject documents have not been filed under seal concurrently

20  with the motion to seal, the Court is unable to review them to determine whether they are indeed

21  confidential in nature.  In short, a sufficient showing has not been made that the documents should be

22  sealed.

23  **IV.    CONCLUSION**

24          For the reasons discussed above, the motion to seal is hereby **DENIED** without prejudice.

25          IT IS SO ORDERED.

26          DATED: September 2, 2015

27

28          _____
            NANCY J. KOPPE
            United States Magistrate Judge